# SUPREME COURT

OF THE

## STATE OF NEVADA.

## JANUARY TERM, 1887.

[No. 1248.]

### JOHN HOYE, APPELLANT, *v.* SYDNEY SWEETMAN, RESPONDENT.

WATER DITCH — DAMAGES — INJUNCTION—WHEN SHOULD BE REFUSED.—
Where, in an action to recover damages and to enjoin defendant from
maintaining a ditch upon plaintiff's land, it appears that the land was of
little value; that the injury to the land was not real; that the damages
were merely nominal; that defendant was not insolvent, and that plain-
tiff's remedy at law was adequate: *Held*, that the court did not err in
refusing to grant an injunction.

APPEAL from the District Court of the Second Judicial Dis-
trict, Douglas County.

*A. C. Ellis, D. W. Virgin,* and *J. R. Judge,* for Appellant:

I. It is not within the power of the legislature to take private

property except for public use; to do otherwise would be a clear violation of the power delegated to the legislature by the constitution. (*Beekman* v. *Saratoga & S. R. R. Co.*, 3 Paige, 46;[1] *S. & V. R. R. Co.* v. *Stockton*, 41 Cal. 147; *Davis* v. *San Lorenzo R. R. Co.*, 47 Cal. 517; *Sanborn* v. *Belden*, 51 Cal. 266; *Pumpelly* v. *Green Bay Co.*, 13 Wall. 177; *Curtis* v. *Whipple*, 24 Wis. 350;[2] *Hooker* v. *N. H. & N. Co.*, 14 Conn. 146.[3])

II. The testimony shows that the construction of defendant's ditch virtually rendered the land valueless to plaintiff for any purpose whatever, and that the construction and operation of said ditch by defendant was unauthorized, wrongful, and unlawful. In such a case equity will restrain continuous wrongful acts to prevent said wrongful acts from ripening into a right. (*Moore* v. *Clear Lake Water W.*, 68 Cal. 146; *Moore* v. *Massini*, 43 Cal. 389.)

*R. M. Clarke*, for Respondent:

The injury being trivial, the damage nominal, and defendant solvent, the court did not err in denying the injunction. (*Jerome* v. *Ross*, 7 Johns. Ch. 334;[4] *Wood* v. *Sutcliffe*, 42 Eng. Ch. 165; *Wason* v. *Sanbourn*, 45 N. H. 171; *Bassett* v. *Company*, 47 N. H. 437; *Thorne* v. *Sweeney*, 12 Nev. 251; *Rivers* v. *Burbank*, 13 Nev. 398.)

By the Court, HAWLEY, J.:

This action was brought to recover damages in the sum of four hundred dollars, and to enjoin defendant from constructing or maintaining a ditch upon plaintiff's land. The cause was tried before the court without a jury, and from the testimony the court found that the defendant, with the knowledge and consent of plaintiff, entered upon plaintiff's land, and commenced the construction of a small irrigating ditch; that while defendant was so engaged in constructing said ditch, plaintiff denied defendant's right, revoked all further authority or license, and forbade defendant doing any further work thereon; that the land upon and over which this ditch was constructed was uninclosed, wild, unproductive, and of no value for farming or grazing purposes, and, owing to the surrounding situation and circumstances, it could not be used to any advantage

1  22 Am. Dec. 679.    2  1 Am. Rep. 187.    3  36 Am. Dec. 477.    4  11 Am. Dec. 484.

or profit to plaintiff; that defendant had fully completed the ditch over plaintiff's land prior to the commencement of this suit; that, in constructing and maintaining the ditch, the defendant damaged plaintiff to the extent of five dollars; that said damage was nominal merely, and was not a real and substantial injury to plaintiff's land; that the maintenance and use of said ditch by defendant in the future would not cause any real damage to plaintiff; that defendant was not insolvent or unable to respond in damages; and that plaintiff's remedy at law was adequate and ample. Upon these findings the court rendered judgment in favor of plaintiff for five dollars, required each party to pay his own costs, and held that plaintiff was not entitled to an injunction.

Appellant claims that there is no testimony tending to show any license or permission on his part for respondent to enter upon this land and construct the ditch. In view of the judgment as rendered by the court, it is immaterial whether such license was given or not. If such license had been given and was not revoked, the judgment should have been in favor of respondent. If not given, or given and afterwards revoked, as found by the court, then it was the duty of the court to assess and fix the damages, which duty it has performed.

Testimony was submitted by appellant tending to show that the land upon which this ditch was constructed was valuable for a mill site. It is unnecessary to review the evidence upon this point, as there is sufficient evidence in the record to sustain the finding of the court that the land was of but little value; that the injury to the land was not real; and that the damages were merely nominal.

Applying the principles of law announced by this court in *Thorne* v. *Sweeney*, 12 Nev. 251, to the facts of this case, we are of opinion that the court did not err in refusing to grant an injunction.

The judgment of the district court is affirmed.